Estate of Louise de l'Aigle Reese, deceased, Egbert W. Doughty, Nelson Macy, Jr., and Louise Taylor Davis, Executors v. Commissioner.
Estate of Louise de l'Aigle Reese, deceased v. Commissioner
Docket No. 18075.
United States Tax Court
1949 Tax Ct. Memo LEXIS 277; 8 T.C.M. (CCH) 99; T.C.M. (RIA) 49028; January 31, 1949
*277 Petitioner is not entitled to a deduction either as a charitable contribution or as a bad debt. Egbert W. Doughty, Executor, pro se, for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: Respondent determined a deficiency in income tax for 1944 in the amount of $331.25 consequent in part on the disallowance of a claimed deduction of a charitable contribution of $500. Petitioner now claims the deduction either as a charitable contribution or as a bad debt. Findings of Fact Decedent, Louise de l'Aigle Reese, died June 29, 1945, in New York County, New York. Her income tax return for the calendar year 1944 was filed with the collector of internal revenue for the second district of New York. In 1944 decedent was 79 years of age but still actively interested in art, particularly in sculpture. She was also especially interested in the Berry Schools of Mt. Berry, Georgia. In several wills she executed, she devised the residue of her estate to those schools. She was desirous also that her gifts to the schools should be remembered by means of a tablet or plaque which she directed *278 in her will to be erected at the Berry Schools after her death, which was to read: "In Memory of a Friend and Benefactor, Louise de l'Aigle Reese, who was Born and Brought Up in Georgia." In 1943 decedent became acquainted with Nicolaus Koni, a sculptor. Koni had resided in the United States since 1941, having come to this country from London, England. He was educated in the field of art in various countries in Europe and received his first public commission in Vienna in 1933. He worked in all types of media: terra cotta, plaster, bronze, marble, wood, and a new material "konis", to which he had given his name. Decedent came to Koni's studio in the fall of 1943 and expressed much interest in his work. She discussed with him the giving of certain commissions for the work she wished done and subsequently discussed the possible purchase of some of his works of art. On February 21, 1944, decedent wrote a letter to Koni stating, in part, as follows: "Enclosed is the check for Five Hundred dollars, $500, that is to repay you for making a memorial tablet for me, to be used at the Berry School, Mount Berry, Georgia." Under date of March 2, 1944, Koni wrote decedent, in part, as follows: *279 "This is to acknowledge the receipt of $500.00 check account for a Memorial Plates, designed by myself. "I understand this Memorial Plates is to be erected at Berry School, Mount Berry, Georgia, after my release from the Army Services, (as a conitio sine qua non.) "The size of the Memorial Plate, the material, the technical and montage expenses is not included within the above mentioned five hundred dollars and further expenses are to be paid by yourself or by your attorney. I would appreciate it, if you would kindly inform your attorney about this matter, in order to avoid any misunderstanding." Subsequent to writing the above letter, decedent called at Koni's studio and discussed the details of the plaque, including the possibility of having her profile in marble carved thereon. Under date of March 21, 1944, when at Koni's studio, decedent personally wrote in his studio commission book the following entry: "I herewith give Nicholas Koni the sum of five hundred dollars for a relief to be erected in my memory at Berry School, Georgia." Decedent advised Koni to deliver the plaque to the executors of her estate, specifically mentioning Mr. Doughty. She advised him that the *280 executors would take care of the placing of the plaque at the Berry Schools and that, when he returned from the Army, Mr. Doughty would advise him how to proceed. In the late spring of 1944, Koni was inducted into the armed forces. On one occasion when he returned to New York he stayed at the home of decedent and discussed the matter of the plaque. Koni never at any time asked decedent for a loan nor did decedent at any time ever personally request a repayment of the $500, or any part thereof, from Mr. Koni. Koni was incapacitated while in the armed formed and sent to a hospital, being later discharged from the Army in the first half of 1945. He thereupon returned to New York and continued to be in ill health. He did not learn of decedent's death until some time after his discharge from the Army. He thereupon attempted to locate Mr. Doughty, as attorney for decedent, but was unsuccessful. After the death of decedent, Mr. Doughty made no attempt to locate Koni to request the completion of the plaque, nor did he at any time attempt to ascertain whether Koni had assets, nor did he check with credit agencies or make any effort to learn whether Koni was able to repay the $500. Koni *281 has been at all times and is now willing and able to complete the memorial plaque in accordance with the agreement entered into with the decedent. In her income tax return for 1944, decedent listed the payment of $500 to Nicolaus Koni under the heading of contributions, as follows: Contributions:
Nicolaus Koni - Tablet for
Berry School, Mt. Berry, Ga. -
$500.00 Decedent did not make a loan to Nicolaus Koni of $500, or any other sum, in 1944 and the payment of such sum did not constitute a charitable contribution. The $500 was paid by decedent to Nicolaus Koni as consideration for the making of a memorial plaque and did not constitute a bad debt during the year 1944. Opinion Although there are some irreconcilable statements in the record, in our findings of fact we have resolved such conflicts and have found the facts according to the preponderating weight of the evidence and the probabilities. We have also made the ultimade findings that the payment of $500 by the decedent to Koni was not a charitable contribution nor did it give rise to a bad debt. These findings are dispositive of the case. There is no basis whatever for claiming that the payment was *282 a charitable contribution. It was not made to the Berry Schools but to the individual Koni and for his use and benefit. By no stretch of the imagination could it be said to constitute a deductible gift to charity. There is likewise no basis for claiming that the payment gave rise to a legal deduction as a bad debt. It was paid to Koni as consideration for the creation of a work of art. The fact that he has not finished the work creates no rights. He stands ready and willing to finish the job according to the agreement. Moreover, there is no showing of worthlessness. Petitioner took no steps to establish that the claimed debtor is not financially responsible. The record is entirely barren of the requisite proof. We hold that petitioner is not entitled to a deduction either as a charitable contribution or as a bad debt. Decision will be entered for the respondent.